Dear Honorable Barbara Frush
You have asked for our opinion whether § 17.307(e) in Howard County Bill 51-2004, which would restrict the use of traps to capture animals, is preempted by State law.
In an opinion dated August 16, 2004, the Howard County Solicitor concluded that portions of § 17.307(e) are "in conflict with State laws on the same subject matter and, therefore, are preempted and not legally enforceable." In an advice letter dated August 18, 2004, Assistant Attorney General Kathryn M. Rowe reached the same conclusion. Copies of both of those letters are attached.
We have reviewed the County Solicitor's opinion and Ms. Rowe's letter and agree with their analysis and conclusion. While some portions of the ordinance are consistent with State law (e.g., allowing traps to be used to catch rats and mice, prohibiting certain traps within 150 feet of another's residence), other portions of the ordinance are inconsistent with State law (e.g., prohibition of leg-hold traps, intervals at which traps must be checked, requirement that DNR agents notify county official before setting traps). To the extent that § 17.307(e) conflicts with State law, the County ordinance is preempted.[1]
J. Joseph Curran, Jr. Attorney General
Robert M. McDonald Chief Counsel Opinions and Advice
[1] You suggest in your letter that the conflicting provisions of the ordinance might be construed harmoniously with State law. For example, you propose that the requirement in the ordinance that DNR notify the County before setting traps be read simply as an acknowledgment that DNR, as a matter of courtesy, notifies County officials of its trapping activities in the County. Such a reading essentially eliminates the condition for DNR trapping set forth in the ordinance — which amounts to another way of saying that the notification requirement is preempted by State law. *Page 205